JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

    vs.

QUANTA, INC., ARTHUR
MIKAELIAN, and GRANT
MIKAELIAN,

        Defendants.

Case No. 2:23-cv-03683-ODW

**FINAL JUDGMENT**

### A.   FINAL JUDGMENT AS TO DEFENDANT QUANTA, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Quanta, Inc. having entered a general appearance; consented to the Court's jurisdiction over Quanta and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Quanta is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:   (a) Quanta's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quanta or with anyone described in (a).

1

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Quanta is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Quanta's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quanta or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Quanta is permanently restrained and enjoined from, directly or indirectly, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and l3a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240. 13a-l, and 240.13a-13] by failing, as an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], to file such annual and quarterly reports in conformity with the instructions on Form 10-K and Form 10-Q, respectively, failing to file such reports in conformity with the Commission's integrated reporting and disclosure

regulations, Regulation S-K and S-X [17 C.F.R. §§ 229.10 *et seq.* and 210.1-01 *et seq.*], or failing to include such further material information as may be necessary to make the required statements in such reports, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Quanta's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quanta or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Quanta is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing, as an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Quanta's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quanta or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Quanta is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing, as an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act

[15 U.S.C. § 781] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], to devise and maintain a system of internal accounting controls sufficient to reasonably assure that: (i) transactions are executed, and access to assets is only permitted, in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets; and (iii) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Quanta's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Quanta or with anyone described in (a).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Quanta shall comply with all of the undertakings and agreements set forth therein.

/// 

**B.    FINAL JUDGMENT AS TO DEFENDANT ARTHUR MIKAELIAN**

The Securities and Exchange Commission having filed a Complaint and Defendant Arthur Mikaelian ("Mikaelian") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment, without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph XIV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

# I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

# II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the

statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and that fails to file such annual and quarterly reports in conformity with the instructions on Form 10-K and Form 10-Q, respectively, fails to file such reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulation S-K and S-X [17 C.F.R. §§ 229.10 *et seq.* and 210.1-01 *et seq.*], or fails to include such further material information as may be necessary to make the required statements in such reports, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or

otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], that fails to devise and maintain a system of internal accounting controls sufficient to reasonably assure that: (i) transactions are executed, and access to assets is only permitted. in accordance with managements general or specific authorization; (ii) transactions are

recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets; and (iii) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying or causing to be

falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions, falsely certifying any report, including transition reports, filed on Form 10-Q, Forms 10-K, Forms 20-F or Form 40-F under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13-19.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by, as an officer or director of an issuer,

(a) making, or causing to be made, a materially false or misleading statement, or omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review, or examination of financial statements of an issuer, or (ii) the preparation or filing of any document or report required to be filed with the Commission; or in the preparation or filing of any documents or reports required to be filed with the Commission; or

(b) taking any action, or directing another person to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mikaelian or with anyone described in (a).

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Mikaelian is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the

Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian is barred, for five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, *provided*, however, that such bar shall not prohibit Mikaelian from continuing to hold, dispose or sell the shares of Quanta securities he owns on the date of entry of this Final Judgment.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Mikaelian shall pay a civil penalty in the amount of $150,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 2l(d) of the Exchange Act [15 U.S.C. § 78u(d)].  Mikaelian shall make the payment within 30 days after entry of this Final Judgment.

Mikaelian may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Mikaelian may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Arthur Mikaelian as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Mikaelian shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Mikaelian relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Mikaelian. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Mikaelian shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Mikaelian shall comply with all of the undertakings and agreements set forth therein.

## XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Mikaelian, and further, any debt for civil penalty or other amounts due by Mikaelian under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Mikaelian of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

///

1

## C.  FINAL JUDGMENT AS TO DEFENDANT GRANT MIKAELIAN

2  The Securities and Exchange Commission having filed a Complaint and Defendant

3  Grant Mikaelian ("Grant Mikaelian") having entered a general appearance; consented to

4  the Court's jurisdiction over him and the subject matter of this action; consented to entry

5  of this Final Judgment, without admitting or denying the allegations of the Complaint

6  (except as to jurisdiction and except as otherwise provided herein in paragraph XIV);

7  waived findings of fact and conclusions of law; and waived any right to appeal from this

8  Final Judgment:

9  I.

10  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian

11  is permanently restrained and enjoined from violating, directly or indirectly,

12  Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

13  thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

14  commerce, or of the mails, or of any facility of any national securities exchange, in

15  connection with the purchase or sale of any security:

16  (a)  to employ any device, scheme, or artifice to defraud;

17  (b)  to make any untrue statement of a material fact or to omit to state a material

18  fact necessary in order to make the statements made, in the light of the

19  circumstances under which they were made, not misleading; or

20  (c)  to engage in any act, practice, or course of business which operates or would

21  operate as a fraud or deceit upon any person.

22  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

23  Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

24  following who receive actual notice of this Final Judgment by personal service or

25  otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and

26  (b) other persons in active concert or participation with Grant Mikaelian or with anyone

27  described in (a).

28

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [ I 5 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.12b-20 and 240.13a-13] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] and that fails to file such annual, quarterly and current reports in conformity with the

instructions on Form 10-K, Form 10-Q and Form 8-K, respectively, fails to file such reports in conformity with the Commission's integrated reporting and disclosure regulations, Regulation S-K and S-X [17 C.F.R. §§ 229.10 *et seq.* and 210.1-01 *et seq.*], or fails to include such further material information as may be necessary to make the required statements in such reports, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], that fails to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

V.

15

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by knowingly or recklessly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], that fails to devise and maintain a system of internal accounting controls sufficient to reasonably assure that: (i) transactions are executed, and access to assets is only permitted, in accordance with managements general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles, or any other criteria applicable to such statements, and to maintain accountability for assets; and (iii) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions, falsely certifying any report, including transition reports, filed on Form 10-Q, Forms 10-K, Forms 20-F or Form 40-F under Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13-19.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is permanently restrained and enjoined from, directly or indirectly, violating Rule 13b2-2 under the Exchange Act [17 C.F.R. § 240.13b2-2] by, as an officer or director of an issuer,

(a)     making, or causing to be made, a materially false or misleading statement, or omitting to state or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review, or examination of financial statements of an issuer, or (ii) the preparation or filing of any document or report required to be filed with the Commission; or in the preparation or filing of any documents or reports required to be filed with the Commission; or

(b)     taking any action, or directing another person to take action, to coerce, manipulate, mislead, or fraudulently influence any independent public or certified public accountant engaged in the performance of an audit or review of an issuer's financial statements required to be filed with the Commission, while knowing or while it should have been known that such action, if successful, could result in rendering the issuer's financial statements materially misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grant Mikaelian's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grant Mikaelian or with anyone described in (a).

## X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Grant Mikaelian is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian is barred, for five years following the date of entry of this Final Judgment, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Grant Mikaelian shall pay a civil penalty in the amount of $75,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 2l(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Grant Mikaelian shall make the payment within 30 days after entry of this Final Judgment.

Grant Mikaelian may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Grant Mikaelian may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Grant Mikaelian as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Grant Mikaelian shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Grant Mikaelian relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Grant Mikaelian. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Grant Mikaelian shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that

Grant Mikaelian shall comply with all of the undertakings and agreements set forth therein.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Grant Mikaelian,   and further, any debt for civil penalty or other amounts due by Grant Mikaelian under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Grant Mikaelian of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

///

**D.**   **RETENTION OF JURISDICTION**

The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated:  August 16, 2023

_____
UNITED STATES DISTRICT JUDGE